UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

CASE NO:

LOTMORE SHIPPING COMPANY LIMITED,
a Foreign Corporation,

      Plaintiff,

vs.

REMY HANDSON d/b/a
HAITI TRANSPORT,
an individual,

      Defendant.
_____/

## COMPLAINT

Plaintiff, LOTMORE SHIPPING COMPANY LIMITED ("Lotmore Shipping"), by its undersigned counsel, sues REMY HANDSON d/b/a HATI TRANSPORT ("Handson") as follows:

### JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333 and is a claim cognizable in admiralty within the meaning of Rule 9(h).

2. Venue is proper in this district as the Defendant resides and does business within this district and within the jurisdiction of this Court.

3. At all times hereinafter mentioned, Lotmore Shipping was and is a corporation organized under and by virtue of the laws of the Antigua and Barbuda and with its principle place of business in Haiti.

4. At all time material hereto, Handson was and is a resident of Miami-Dade

County, Florida.

5. At all time material hereto, Handson was the charterer, operator and had control and use of the vessel known as M/V LADY LOTMORE.

6. At all time material hereto, the vessel M/V LADY LOTMORE (the "vessel") was and is owned by Lotmore Shipping.

## GENERAL ALLEGATIONS

7. On January 9, 2009, Lotmore Shipping entered into an oral agreement wherein Handson agreed to charter and operate the vessel for the amount of $60,000.00 per month.

8. As part of the oral agreement for the charter and use of the vessel, Handson was responsible for the normal operating expenses for the operation, control and use of the vessel.

9. As part of the oral agreement for the charter and use of the vessel, Handson was allowed to deduct money spent for necessary repairs to the vessel from the $60,000.00 per month charter hire, separate and apart from the normal operating expenses for the use of the vessel, upon providing proof of expense and payment for such repairs.

10. On January 9, 2009, Handson took delivery of the vessel at the Miami River, Miami, Florida and then began operating, controlling and using the vessel, including loading cargo onto the vessel at its berth on the Miami River.

11. On or about February 9, 2009, Lotmore Shipping and Handson modified the oral contract for the charter of the vessel, at which time Handson agreed to pay the crew wages and for food for the crew on the vessel.

12. As part of the modification to the oral agreement for the charter of the vessel, Handson was required to provide proof of expense and payment of crew wages and for food for the crew, before deducting the wages and food expenses from the $60,000.00 per month owed for charter hire for operating, controlling and using the vessel.

13. Between July 21, 2009 and October 19, 2009, the vessel was out of service or "off-hire" while repairs were performed to the vessel, including repairs and maintenance while in dry dock and at wet dock at Jones Boat Yard on the Miami River. During this ninety (90) day period when the vessel was "off-hire," Handson still controlled the vessel.

14. Between January 9, 2009 and June 18, 2010, Handson chartered, operated, controlled and had use of the vessel. During this period, the vessel made at least ten (10) voyages between Miami and Haiti under the operation and control of Handson.

15. Notwithstanding his agreement to pay Lotmore Shipping $60,000.00 per month for use of the vessel between January 9, 2009 and June 18, 2010 and repeated requests for payment by Lotmore Shipping, Handson has only paid Lotmore Shipping $75,000.00 for use of the vessel.

16. Notwithstanding repeated demands by Lotmore Shipping to Handson to provide proof of expenses and payment for necessary vessel repairs, crew wages and food for the crew, Handson has only furnished Lotmore Shipping with receipts totaling $42,118.83, not all of which may be deducted from the charter hire for use of the vessel.

17. Upon information and belief, Handson incurred expenses, in the amount of $130,269.23, for vessel repairs at Jones Boat Yard on the Miami River. Expenses which may be deducted from the amount owed by Handson for charter hire and use of the vessel.

18. From January 9, 2009 until June 18, 2010, Handson had the use of Lotmore Shipping's vessel for shipping cargo between Miami and Haiti and he operated and controlled the vessel during that period; however, he has not fully paid for the use of the vessel.

19. Handson owes Lotmore Shipping not less than $350,890.17 for unpaid charter hire for his charter, operation, control and use of the vessel.

20. All conditions precedent to this action have been met by plaintiff or waived by

defendant.

## COUNT I – BREACH OF ORAL CONTRACT FOR VESSEL CHARTER

Lotmore Shipping re-alleges and re-avers paragraphs 1 through 20 as though fully set forth herein.

21. Defendant Handson has breached the oral agreement for the charter and use of the vessel in that he has failed to pay charter hire of $60,000.00 per month, less deductions for necessary vessel repairs, crew wages and food for the crew.

22. Defendant Handson has breached the oral agreement for the charter and use of the vessel in that he has failed to provide sufficient and detailed documentation regarding expenses and proof of payment for vessel repairs, crew wages, food for the crew or other accounting records that would support any deductions from the payment of the charter hire for use, operation and control of the vessel as agreed to between the parties.

23. As a result of Defendant Handson's breach of his oral agreement with Lotmore Shipping, Lotmore Shipping is owed not less than $350,890.17 in unpaid charter hire for use of the vessel by Handson.

## COUNT II – DEMAND FOR ACCOUNTING

Lotmore Shipping re-alleges and re-avers paragraphs 1 through 20 as though fully set forth herein.

24. Defendant Handson has breached the oral agreement for the charter and use of the vessel in that he has failed to pay charter hire of $60,000.00 per month, less deductions for necessary vessel repairs, crew wages and food for the crew.

25. Defendant Handson has breached the oral agreement for the charter of the vessel in that he has failed to provide sufficient and detailed documentation regarding expenses and proof payment for vessel repairs, crew wages, food for the crew or other accounting records that

would support any deductions from payment of the charter hire for the charter, operation, control and use of the vessel as agreed to between the parties.

26. Plaintiff respectfully requests that this Court issue an order directing the defendant to promptly provide to this Court and plaintiff a strict and total explanation of the deductions claimed or being claimed by defendant to relieve him of his obligation to pay charter hire for the use of the vessel, in the amount of $60,000.00 per month, between January 9, 2009 and June 18, 2010, together with the detailed production of legible and verifiable expenses he may claim were legitimate expenses necessary for the repair of the vessel, for payment of crew wages, or food for the crew, and if the accounting is not readily understandable, that the defendant must provide clear and comprehensive instructions to this Court and plaintiff on how to read the accounting.

27. That if the accounting is not readily understandable to this Court and plaintiff, Defendant must be prevented from arresting the vessel, M/V LADY LOTMORE, or requiring her owners to post security for the release of the vessel, for any and all maritime claims or liens he may claim against the vessel.

## COUNT III – UNJUST ENRICHMENT

Lotmore Shipping re-alleges and re-avers paragraphs 1 through 20 as though fully set forth herein.

28. Lotmore Shipping conferred a benefit on Defendant Handson, allowing him to operate, control and use its vessel from January 9, 2009 until June 18, 2010, for shipping cargo between Miami and Haiti, but he has not fully paid for the use of the vessel.

29. Defendant Handson requested the benefit of the use of Lotmore Shipping's vessel from January 9, 2009 until June 18, 2010 and he operated, controlled and used the vessel for shipping cargo between Miami and Haiti during that period. Handson knowingly and voluntarily

accepted the benefit of the use of the vessel, but he has not fully paid for the use of the vessel.

30. Defendant Handson has benefitted from the use of the vessel furnished by Lotmore Shipping.

31. Under the circumstances, it would be inequitable for the defendant to retain the benefit without paying the value thereof.

## **COUNT IV – QUANTUM MERUIT**

Lotmore Shipping re-alleges and re-avers paragraphs 1 through 20 as though fully set forth herein.

32. Lotmore Shipping conferred a benefit on Defendant Handson, allowing him to operate, control and use its vessel from January 9, 2009 until June 18, 2010, for shipping cargo between Miami and Haiti, but he has not fully paid for the use of the vessel.

33. Defendant Handson requested the benefit of the use of Lotmore Shipping's vessel from January 9, 2009 until June 18, 2010 and he operated, controlled and used the vessel for shipping cargo between Miami and Haiti during that period.  Handson knowingly and voluntarily accepted the benefit of the use of the vessel, but he has not fully paid for the use of the vessel.

34. Defendant Handson has benefitted from the use of the vessel furnished by Lotmore Shipping.

35. Under the circumstances, it would be inequitable for the defendant to retain the benefit without paying the value thereof.

W H E R E F O R E, Plaintiff, LOTMORE SHIPPING COMPANY LIMITED, by its undersigned counsel, respectfully requests and prays:

(a) that this Court is issue an Order of final judgment against defendant REMY HANDSON for damages for breach of the oral agreement for the charter and use of the vessel, or in the alternative for unjust enrichment or quantum meruit for the use of the vessel, for not less

than $350,890.17, plus costs, pre and post judgment interest;

      (b)    that this Court issue an Order compelling defendant REMY HANDSON to provide a strict and total explanation of the accounting of the deductions made for the charter hire owed to plaintiff LOTMORE SHIPPING for the charter and use of the vessel, together with a detailed production of legible and verifiable expenses he may claim were legitimate expenses necessary for the repair of the vessel, for payment of crew wages, or for food for the crew, and if the accounting is not readily understandable, that the defendant must provide clear and comprehensive instructions on how to read the accounting; and,

      (c)    for such other and further relief that this Court may deem just and proper.

Dated: September 14, 2010
        Miami, Florida

                            Respectfully submitted,

                            STEPHEN D. FIELD, P.A.

                   BY:  */s/Stephen Field*
                            Stephen D. Field, Esq.
                            Florida Bar No. 554111
                            Stephen D. Field, P.A.
                            7700 North Kendall Drive
                            Suite 505
                            Miami, FL 33156
                            Tel. (305) 600-3391
                            Fax. (305) 271-8302
                            Email: steve@field-law.com
                            *Attorney for Plaintiff*